**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM LAWSON,<br><br>                     Plaintiff,<br>   vs.<br><br>MARY WOLFE; DOES 1-10,<br><br>                    Defendants. | CASE NO. 13cv1113-GPC(RBB)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT** |

On May 9, 2013, Defendant Mary Wolfe filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* REMANDS the action to state court.

### Discussion

The federal court is one of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in

federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A review of the state court complaint in this case shows that Plaintiff alleges a single unlawful detainer claim under California state law. (Dkt. No. 1-3.) It also alleges that the amount demanded does not exceed $10,000 and seeks possession only. (Id.)

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In the notice of removal, Defendant alleges that the Court has jurisdiction pursuant to diversity and federal question. (Dkt. No. 1-1.) Defendant contends that there is diversity between Plaintiff, not a citizen of California, and Defendant, a citizen of California. Moreover, she contends that her damages exceed $75,000 as the value of the residence exceeds $75,000. However, the Court looks to the Complaint to see whether diversity exists. The complaint states that the amount in controversy does not exceed $10,000. Thus, Defendant fails to show that this Court has diversity

1  jurisdiction pursuant to 28 U.S.C. § 1332.

2  Defendant also contends that there is a federal question surrounding the
3  construction of the Pooling and Service Agreement of the Bear Stearns Asset Backed
4  Securities I Trust 2005-AQ2 and alleges due process rights under the Fourteenth
5  Amendment arising from property interests and an unlawful foreclosure by Plaintiff.

6  Defendant's alleged federal "claims" are actually defenses and potential
7  counterclaims against Plaintiff. However, neither defenses nor counterclaims are
8  considered in evaluating whether a federal question appears on the face of a Plaintiff's
9  complaint. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (federal question
10 jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill
11 Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim
12 does not confer jurisdiction on a federal court, even if the defense is that of federal
13 preemption and is anticipated in the plaintiff's complaint."). As such, Defendant's
14 allegations do not establish federal question jurisdiction under 28 U.S.C. § 1331.

15 Defendant has not adequately established a basis for this Court's subject matter
16 jurisdiction. The Court must remand the case. See 28 U.S.C. § 1447(c).

### Conclusion

18 Based on the above, the Court *sua sponte* REMANDS the action to the Superior
19 Court of the State of California for San Diego County.

20 IT IS SO ORDERED.

22 DATED: May 30, 2013

HON. GONZALO P. CURIEL
United States District Judge